IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ANATOLIO PENA OLIVERA and MARIA FERNANDA MARTINEZ, individually and on behalf all others similarly situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>DOS REALES, INC. and ALVARO QUEZADA,<br><br>     Defendants. | Case No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez, individually and on behalf of all others similarly situated, hereby set forth their action for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL") K.S.A. § 44-1203 *et seq.*, and the Kansas Wage Payment Act ("KWPA") K.S.A. § 44-313 *et seq.*, against Defendants Dos Reales, Inc. and Alvaro Quezada as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendants for unpaid overtime wages, wrongfully withheld tip compensation, and related penalties and damages.

2. Plaintiffs frequently worked between 50 and 60 hours per week as waiters at Defendants' restaurants while being underpaid for overtime hours and often denied hard-earned tips that Dos Reales decided to keep for itself when business was slow. By pocketing tips left with patron's debit and credit cards for the waiters, paying a straight time wage for hours exceeding forty (40) in a workweek, and underpaying those hours listed as overtime on waiters' paystubs, Defendants not only violated Kansas and federal law, but also lost the ability to claim a

tip credit to reduce the required hourly wage for its waiters.  Under both the FLSA and Kansas's wage laws, Defendants conduct constitutes a gross, reckless, or willful scheme that imposes heightened liability and damages.  Plaintiffs' are entitled to recover, individually and on behalf of a class of similarly situated waiters, unpaid minimum and overtime wages (without any tip credit deduction), liquidated damages, attorney fees, litigation costs, and damages for additional wage withholdings.

## PARTIES

3. Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez were employed by Defendants as waiters who were supposed to receive a regular hourly wage of at least $2.75, proper overtime wages for hours exceeding forty (40) in a workweek, plus the full amount of tips received while working at Defendants' restaurant locations in the state of Kansas.

4. Plaintiff Anatolio Pena Olivera resides in Shawnee, Kansas and was employed by Defendants from April, 2014 to October, 2016 at the Dos Reales restaurant located in Shawnee, Kansas.  Plaintiff Olivera's written consent to become a party Plaintiff, pursuant to 29 U.S.C. 216(b), is attached as Exhibit A to this Complaint.

5. Plaintiff Maria Fernanda Martinez currently resides in Clinton, Missouri, but she resided in Mission, Kansas while employed as a waitress at Defendants' restaurant in Shawnee, Kansas from April, 2016 to September, 2016.  Plaintiff Martinez's written consent to become a party Plaintiff, pursuant to 29 U.S.C. 216(b), is attached as Exhibit B to this Complaint.

6. Defendant Dos Reales, Inc. is a Kansas corporation with its headquarters and principal place of business located at 8841 W 75th Street, Overland Park, Kansas 66204.

7. Defendant Alvaro Quezada is a Kansas resident who owns, operates, manages, and is the acting President of Dos Reales, Inc.

8. Defendant Alvaro Quezada is the sole owner of Dos Reales, Inc., actively managers multiple restaurant locations, and has full control over the manner, method, and decisions regarding compensation for all restaurant employees.

9. Plaintiffs were each employed by Dos Reales, Inc. or Alvaro Quezada within the past three years.

**JURISDICTION & VENUE**

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*.

11. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1376 because the KWPA and KMWMHL claims are closely related to the FLSA claims and form part of the same case or controversy.

12. The District of Kansas has personal jurisdiction because Defendant Dos Reales, Inc. is incorporated, headquartered, and conducts continuous business and commerce in Kansas.

13. The District of Kansas has personal jurisdiction over Defendant Alvaro Quezada because he is a Kansas resident and has sufficient contacts with the state of Kansas through his ownership and management of multiple Dos Reales restaurants in the Kansas City area.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the illegal acts complained of occurred within this district.

**CLASS AND COLLECTIVE ALLEGATIONS COMMON TO ALL CLAIMS**

15. Plaintiffs bring this case as representatives of a collective group and/or class of all other similarly situated waiters and waitresses who were employed by either of the Defendants within three years of the filing of this Complaint.

16. Regardless of whether Kansas law or the FLSA applies to the instant matter, liability for the same conduct exists under either source of law due to Defendants' failure to pay Plaintiffs proper hourly wages for regular and overtime work—with or without a valid tip credit—and Defendant's frequent refusal to give Plaintiffs tipped wages left by Patrons' paying with debit and credit cards at either of Defendants' Kansas restaurants.

17. Under both the FLSA and Kansas law, Defendants are not entitled to any tip credit for calculating wages owed to Plaintiffs and other employed waiters because Defendants do not pay sufficiently hourly overtime wages to waiters and also often limited Plaintiffs' nightly wages to cash tips, but no tips from debit or credit cards, that Plaintiffs and other waiters collected during their shifts.

18. Defendants at times improperly paid straight time wages to waiters working in excess of forty (40) hours in a week, and at other times Defendants paid an improper amount for overtime wages despite paying a separate rate for hours exceeding forty (40) in a workweek. Regardless of the way that Defendants' violated various state and federal overtime wage requirements, Defendants' engaged in a common pattern and practice of failing to pay adequate overtime wages to Plaintiffs and other similarly situated waiters who worked an excess of forty (40) hours during the work week.

19. Further, on several occasions when business was slow, Defendants refused to pay Plaintiffs and other waiters those tips left by customers who paid with debit or credit cards, and Plaintiffs would not find out they were losing that portion of their tips until the nightly accounting meeting at each restaurant. In addition, despite Defendants' refusal to pay any hourly wage to waiters, Defendants still require waiters to share their only income source—cash tips—even when Defendants underpaid the waiters for overtime hours.

20. Defendants are aware that Plaintiffs have worked significant overtime, yet Defendants willfully refused to adequately compensate Plaintiffs for hours worked in excess of 40 hours per week. Although Defendants are aware of their obligation under the FLSA and Kansas law to adequately compensate employees for overtime work, Defendants have not taken steps to do so, and have refused requests by employees to be adequately compensated for overtime work.

21. Defendants claimed a tip credit that regularly exceeded the actual amount of earnings that Plaintiffs received from tips during their shifts.

22. Defendants also committed record keeping violations by failing to list the amounts of tips retained from patrons' debit and credit cards. As demonstrated on the face of Plaintiffs' paystubs, Defendants only listed cash tips instead of providing tips paid (or retained by Defendants) through debit or credit cards. This record keeping practice disguised Defendants' frequent tip retention that would make Defendants ineligible for a tip credit and require payment of an hourly wage of at least $7.25 for non-overtime work to Plaintiffs and other similarly situated waiters.

**ALLEGATIONS REGARDING COLLECTIVE ACTION CLAIMS UNDER THE FLSA**

23. Counts I and II of this Complaint are brought as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendants within three years from the commencement of this action, and who were paid in the same unlawful manner as Plaintiffs (the Putative Plaintiffs).

24. Counts I and II may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by all named Plaintiffs because their claims are similar to the claims of the Putative Plaintiffs of the collective action.

5

25. The named Plaintiffs and the Putative Plaintiffs are similarly situated, and are or were subject to Defendants' common practice of refusing to pay proper hourly wages, overtime compensation, and either providing full tips from patrons or paying a minimum hourly wage that is not offset by a tip credit, as required by the FLSA.

26. Despite any differences in the particular violations of the FLSA by Defendants toward various waiters, Defendants conduct constitutes a common pattern or practice of violating the FLSA and refusing to pay proper wages to Plaintiffs and other similarly situated waiters.

27. The named Plaintiffs and the Putative Plaintiffs are also similarly situated because Defendants use a centralized payroll system, so any willful violation by Defendants would appear on most, if not all, of the bi-weekly earning statements generated by the central pay system and containing owed, but unpaid, hours and failing to account for tipped wages withheld by Defendants on low-volume days at the restaurant.

28. The FLSA Class of similarly situated plaintiffs in Counts I and II is defined as:

> All current and former Waiters and Waitresses, or those persons with similar job titles and duties to those of the named Plaintiffs, who, at any time within the three years preceding the filing of the above-captioned matter, have been employed by Dos Reales, LLC or Alvaro Quezada.

29. The names and addresses of the Putative Plaintiffs of the representative action are available from Defendants, and to the extent required by law, notice will be provided to said individuals via First Class Mail or through techniques and a notice form that is customarily used in collective actions under the FLSA.

30. At all relevant times, Defendants have been and continue to be "employers" or "joint employers" engaged in the interstate "commerce" or in the production of "goods" for "commerce" according to the meaning of 29 U.S.C. § 203.

31. At all relevant times, Defendants have employed or continue to employ employees, including both named Plaintiffs and the Putative Plaintiffs in the instant FLSA collective action.

32. At all relevant times, the Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

**ALLEGATIONS CONCERNING CLASS ACTION CLAIMS UNDER KANSAS LAW**

33. Even if one or both of the Defendants were not subject to the FLSA's requirements, their conduct and wage practices still violate the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), K.S.A. § 44-1203 and -1204 as well as the Kansas Wage and Payment Act ("KWPA"), K.S.A. § 44-315.

34. Counts III and IV contain Plaintiffs' Kansas law claims and are brought as a class action under Rule 23 of the Federal Rules of Civil Procedure against Defendants on behalf of the named Plaintiffs and other similarly situated waiters and waitresses employed by one or more of the Defendants in Kansas.

35. The Class of similarly situated plaintiffs in Counts III and IV is the same as the Class for Counts I and II:

> All current and former Waiters and Waitresses, or those persons with similar job titles and duties to those of the named Plaintiffs, who, at any time within the three years preceding the filing of the above-captioned matter, have been employed by Dos Reales, LLC or Alvaro Quezada.

36. There are questions of fact and law common to the KWPA Class under Kansas state law that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation: the use of a centralized pay system, common job titles and duties among waiters and waitresses; governing law for all claims; common practices of withholding hourly wages or tipped wages by

7

the same company and/or person; Insufficient hourly rates for overtime wages; Defendants' liability based on an identical violation across a uniform type of employment involving waiters and waitresses.

37. The questions set forth above regarding the KMWMHL and KWPA Classes predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

38. The Kansas law class size is believed to number between seventy and one hundred members. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action.

39. The named Plaintiffs' claims under Kansas state law are typical of those of the other class members in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices.

40. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

41. Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez are adequate representatives of their respective class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected, especially given the

predominately Hispanic workforce at Defendants' restaurants, by the two named Plaintiffs and also undersigned counsel, who have successfully resolved cases with similar claims, conduct, and defendants and include a Hispanic, bilingual attorney with a dedicated employment practice and skill set that will be of particular aid in litigating this case given the class predominately consists of Hispanic, Spanish-speaking workers and waiters.

42. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**COUNT I—FLSA TIP CREDIT AND WAGE VIOLATIONS UNDER 29 U.S.C. § 206**

43. Plaintiffs hereby incorporate by reference the above stated paragraphs as though fully set forth herein.

44. The FLSA regulates the payment of minimum wage by employers, under 29 U.S.C. § 206 (a)(1), whose employees are engaged in commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. Defendants were and are subject to the requirements of the FLSA because Dos Reales is an enterprise engaged in commerce with employees who are also engaged in commerce.

46. Plaintiffs and the putative class members were paid less than the required overtime rate for all hours required, suffered, and/or permitted for work in excess of forty (40) hours in a work week by the Defendants.

47. Defendants pay an improper overtime wage rate that either uses an incorrect base rate to calculate an overtime premium or fails to provide overtime wages immediately after class members exceed forty (40) hours of work during a given week.

48. Under the FLSA, the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour, which is the minimum wage of $7.25 minus the minimum required cash wage of $2.13.

49. Defendants did not qualify for this tip credit, and thus were obligated to pay the full $7.25 an hour to waiters, because Defendants often retained tipped wages when customers paid with debit or credit cards on days when business was slower than usual, as arbitrarily decided by the on-duty manager or Mr. Quezada on various days, at Defendants' restaurants.

50. Defendants also applied an excessive tip credit when calculating the rate for overtime wages and thereby failed to pay Plaintiffs and similarly situated waiters a sufficient overtime premium for hours worked in excess of forty (40) during the work week. While unpaid and underpaid overtime wages exist regardless of the validity of a tip credit, Defendants' ineligibility for a tip credit would elevate the base rate for regular wages and therefore increase the total amount of overtime compensation due to Plaintiffs and similarly situated waiters under § 203(m) of the FLSA.

51. Several of Defendants unauthorized tip deductions were improperly documented in variously payroll documents and resulted in Plaintiffs and similarly situated employees

appearing to receive pay that was never provided by Defendants and consequently violates the recordkeeping requirements outlined in 29 C.F.R. § 516.28.

52. Defendants also reduced Plaintiffs' wages by requiring them and other waiters to share a portion of their cash tips, often the only source of wages for Plaintiffs when debit and credit card tips were withheld, with other restaurant employees at the end of each shift.

53. Defendants tip sharing requirement, especially on nights when Defendants retained debit and credit card tips, effectively forced Plaintiffs' to fulfill Defendants' payment obligations on an already reduced salary due to only receiving cash tips. Defendants' tip pool arrangement, under the particular facts in this case, is sufficient to nullify the claimed tip credit and require payment of the full federal minimum wage and applicable overtime premium to Plaintiffs and other similarly situated waiters.

54. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Due to Defendants' unlawful conduct, Plaintiffs and other similarly situated waiters received partial tip amounts, that often excluded tips from debit and credit cards, and are therefore entitled to a minimum hourly wage of $7.25 and at least $10.87 for overtime hours worked.

56. Defendants have not acted in good faith and lack reasonable grounds to believe their actions or omissions were not a violation of the FLSA. As a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the full hourly minimum wage under federal law at the time of their employment pursuant to § 216(b) of the FLSA.

57. Defendants' unlawful policies and practices resulted in Plaintiff and the putative class members receiving insufficient overtime wages and, where applicable, appropriate regular rates of compensation absent a tip credit for Defendants under the FLSA.

58. Defendants are liable for an amount equal to compensation due to Plaintiffs and the Putative Plaintiffs of the representative action as liquidated damages because they knew, or should have known, that Plaintiffs and Putative Plaintiffs of the representative action were not being paid minimum wage as required by federal law.

59. Plaintiffs and similarly situated employees are also entitled to reasonable attorney fees and any costs incurred in pursuing this action or claim for unpaid minimum wage.

WHEREFORE Plaintiffs, on behalf of themselves and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez as the Representative Plaintiffs of the Putative Plaintiffs in the representative action;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the FLSA Collective Action;

d. An award of damages for unpaid and underpaid wages owed to Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

  e. An award of costs and expenses of this action incurred herein, in addition to reasonable attorney fees and expert fees;

  f. An award of pre-judgment and post-judgment interest as provided by law; and

  g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II—FLSA OVERTIME VIOLATIONS UNDER 29 U.S.C. § 207

60. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

61. The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees for services performed and to compensate them at a rate of not less than the federal minimum wage for all hours worked and at a rate of not less than one and one half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

62. Plaintiffs and the putative class members regularly worked more than 40 hours per week while employed by Defendants.

63. Defendants often failed to pay an overtime premium to Plaintiffs and similarly situated employees for all hours worked in excess of forty (40) in a work week and instead paid a straight time hourly rate to waiters for some or all hours that qualify for a one and one-half time overtime premium under 29 U.S.C. §207.

64. Defendants failed to compensate Plaintiffs and similarly situated employees at a rate of not less than one and one-half times the appropriate regular rate of pay for work performed in excess of forty hours in a work week, which violates the FLSA's overtime requirements under 29 U.S.C. §207(a)(1).

65. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. Defendants' violation of the FLSA's overtime requirement entitles Plaintiffs and similarly situated employees to liquidated damages without any tip credit provided to the Defendants in calculating the hourly overtime wage rate, attorney fees, and litigation costs.

67. Because Defendants acted willfully and also failed to meet the requirements to qualify for any tip credit, Plaintiffs are at least entitled to 1.5 times the federal minimum hourly wage from the last three years of work for Defendants.

WHEREFORE Plaintiffs, on behalf of themselves and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez as the Representative Plaintiffs of the collective action;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the FLSA Collective Action;

d. An award of damages for unpaid wages due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

e. An award of costs and expenses of this action incurred herein and also reasonable attorney fees.

f. An award of pre-judgment and post-judgment interest as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**COUNT III—VIOLATION OF KANSAS MINIMUM WAGE AND OVERTIME LAWS UNDER K.S.A. § 44-1203**

68. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

69. If the Court were to determine that Defendants are not "employers" under the FLSA, then Defendants are "employers" under K.S.A. § 44-1202 because they are either individuals or corporations who acted directly or indirectly with Plaintiffs and others who were permitted or suffered to work in furthering Defendants' business interests.

70. Defendant Alvaro Quezada is either an employer for purposes of the FLSA claims due to his extensive control over employee salaries and payments, or, if not, Mr. Quezada is an employer under the broad definition provided in K.S.A. § 44-1202 and, based on the same compensation and wage practices described throughout this Complaint, is still liable for failing to pay Plaintiffs and similarly situated waiters the required minimum or tipped wages and adequate overtime compensation under Kansas law.

71. Defendants improperly paid Plaintiffs and similarly situated employees a minimum wage $2.75 per hour of work because Defendants' retention of debit and credit card tips disqualifies use of a tip credit and obligated Defendants to pay a minimum wage of at least $7.25 per hour under K.S.A. § 44-1203.

72. Defendants' failure to pay Plaintiffs sufficient minimum and overtime wages disqualifies Defendant from receiving a tip credit and obligates Defendants to pay an additional amount in addition to the $2.75 per hour already paid to meet the total hourly rate of $7.25 per hour for hours not in excess of forty six (46) per workweek to Plaintiffs and the putative class members.

15

73. Defendants also failed to pay Plaintiffs and similarly situated employees proper overtime wages for work in excess of 46 hours in a work week.

74. Defendants further violated K.S.A. § 44-1204 by withholding some types of tips and still requiring Plaintiffs and similarly situated waiters to enter a tip pooling arrangement that further reduced actual overtime wages received for hours in excess of forty six (46) during a work week.

WHEREFORE Plaintiffs, on behalf of themselves and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a class action on behalf of the proposed members of the representative action;

b. Designation of Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez as the Representative Plaintiffs of the collective action;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the Class;

d. An award of damages for unpaid and underpaid wages due for the Plaintiffs and the putative members of the class, including twice the amount of unpaid wages for willfully violating Kansas law to be paid by Defendants;

e. All additional damages available pursuant to K.S.A. § 44-313 *et seq.*;

f. An award of costs and expenses of this action incurred herein and also reasonable attorney fees.

g. An award of pre-judgment and post-judgment interest as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT IV—VIOLATION OF KANSAS WAGE PAYMENT ACT—K.S.A. § 44-313

75. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

76. Defendant Dos Reales, Inc. is an "employer" under K.S.A. § 44-313(a) because it is an organization that employed Plaintiffs and other workers.

77. Defendant Alvaro Quezada is an individual and agent of a corporation who employed workers at Dos Reales and is therefore an "employer" under K.S.A. § 44-313(a).

78. Plaintiffs and those similarly situated were "employees" for purposes of K.S.A. § 44-313(b) because Defendants allowed or permitted them to perform work.

79. Defendants failed to pay Plaintiffs and those similarly situated for all wages due at the end of each pay period, including all tipped wages and an overtime premium sufficient to meet the amount required by federal or state wage laws.

80. At various times when business was slow, Defendants would retain Plaintiffs' owed tips from customers who paid with credit and debit cards and told Plaintiffs they were only entitled to their full tip amount when the restaurant was busy and full of customers.

81. Defendants tip retentions constitute improper deductions under K.S.A. § 44-319 because neither Plaintiffs nor other similarly situated waiters signed any authorization for such deductions by Defendants.

82. Defendants conduct in failing to pay Plaintiffs and other waiters for their full owed wages was willful and requires Defendants to pay double the amount of owed wages to Plaintiffs and those similarly situated pursuant to K.S.A. § 44-315.

WHEREFORE Plaintiffs, on behalf of themselves and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a class action on behalf of the proposed members of the representative action;

b. Designation of Plaintiffs Anatolio Pena Olivera and Maria Fernanda Martinez as the Representative Plaintiffs of the collective action;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the Class;

d. An award of damages for unpaid and underpaid wages due for the Plaintiffs and the putative members of the class, including twice the amount of unpaid wages for willfully violating Kansas law to be paid by Defendants;

e. All additional damages available pursuant to K.S.A. § 44-313 *et seq.*;

f. An award of costs and expenses of this action incurred herein and also reasonable attorney fees.

g. An award of pre-judgment and post-judgment interest as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

/s/ *Paul H. Mose*
Paul ("Pablo") H. Mose    KS Bar #28753
MOSE LAW LLC
3111 Strong Avenue,
Kansas City, Kansas 66106
O: (913) 432-4484
F: (913) 432-4464
Pablo@moselaw.com

And


*/s/ Mark V. Dugan*
Mark V. Dugan, KS #23897
mark@duganschlozman.com
Heather J. Schlozman, KS #23869
heather@duganschlozman.com
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite, 307
Overland Park, Kansas 66212
Telephone: (913) 322-3528
Facsimile: (913) 904-0213

**Counsel for Plaintiffs**