IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANATOLIO PENA OLIVERA and       )
MARIA FERNANDA MARTINEZ         )
*Individually and on behalf of all*   )
*others similarly situated*,          )
                                )
                Plaintiffs,     )
                                )
        v.                      )        Case No. 17-2203-KGS
                                )
DOS REALES, INC. and            )
ALVARO QUEZADA,                 )
                                )
                Defendants.     )

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiffs' Unopposed Motion for Conditional Certification of Settlement Class, Proposed Class Notice, and Preliminary Approval of the Proposed Class Settlement and Attorney Fees (ECF No. 28). For the reasons stated below, the motion is denied.

### I.    Background

Plaintiffs' complaint asserts class claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Kansas Minimum Wage and Maximum Hours Law (KMWMHL), K.S.A. 44-1203, *et seq.*, and the Kansas Wage Payment Act (KWPA), K.S.A. 44-313, *et seq.* The complaint alleges that defendants failed to pay plaintiffs and a proposed class of other waiters earned overtime wages and earned tips. The parties reached a preliminary settlement agreement before beginning any formal discovery and before plaintiffs had filed class certification motions. On February 22, 2018, plaintiffs filed an unopposed motion for settlement approval.[1] On February 26,

---

[1] *See* Unopposed Mot. and Mem. in Supp. of Mot. to Approve Settlement, ECF No. 22.

2018, the parties consented to jurisdiction by U.S. Magistrate Judge. The undersigned conducted a conference call with the parties on March 26, 2018, during which time the court detailed its concerns with the motion and gave plaintiffs an opportunity to withdraw it and file a renewed one that corrected the deficiencies. Among other things, the court expressed concern about seeking settlement approval for FLSA collective action claims and Rule 23 state-law class action claims prior to class certification and notice to class members. The court also expressed concern that the parties had contemplated an opt-out settlement of FLSA claims. Plaintiffs withdrew their motion on March 30, 2018, and filed the present motion on May 16, 2018.

The motion seeks certification of a Rule 23 class action, preliminary settlement approval (including approval of attorney fees), and approval of the notices to members of the proposed class. Plaintiffs state that while they "initially brought claims under both Kansas and Federal law, the proposed Class Settlement does not address any potential FLSA claims."[2] The motion states that the settlement is "for overtime claims asserted under Kansas state law."[3]

**II.     Discussion**

Like their previous motion, this motion also suffers from defects. Plaintiffs' motion seeks Rule 23 certification for state-law claims that do not state a claim for relief. The proposed settlement raises jurisdictional concerns, and the motion fails to satisfy any of the requirements for Rule 23 class certification. The court addresses each of these issues below.

This case is a "hybrid" action in which plaintiffs have asserted both state and federal wage-and-hour claims. Although the motion fails to specify under which Kansas act it seeks Rule 23

---

[2] Pls.' Unopposed Mot. for Conditional Certification of Settlement Class, Proposed Class Notice, and Preliminary Approval of the Proposed Class Settlement and Attorney Fees at 4, ECF No. 28.

[3] *Id.* at 4.

certification, it does note that the settlement is for "overtime claims." [4] The court presumes

plaintiffs seek certification for both the KWPA and KMWMHL claims. However, as the Kansas

Supreme Court has noted, "the KWPA does not contain any express provision relating to the

payment of overtime, which is typically pursued under a FLSA claim."[5] This district has

consistently construed this statement to mean that the KWPA is not the proper mechanism for

asserting overtime claims under Kansas law.[6] Rather, the KMWMHL applies to claims for unpaid

overtime wages.[7] But the KMWMHL explicitly excludes from its definition of "employer" any

employer who is subject to the provisions of the FLSA.[8] The majority of opinions from this district

have reached the conclusion that KWPA and KMWMHL claims for unpaid overtime wages fail to

state a claim against an employer covered by the FLSA.[9] By asserting FLSA claims against

---

[4] *Id.*

[5] *Craig v. FedEx Ground Package Sys., Inc.*, 335 P.3d 66, 73 (Kan. 2014).

[6] *See, e.g., Blair v. Transam Trucking, Inc.*, --- F.R.D. ---, 2018 WL 1523101, at *12 (D. Kan. 2018); *McGowan v. Genesis Health Clubs Mgmt.*, No. 17-2417-DDC, 2018 WL 572052, at *2-3 (D. Kan. Jan. 26, 2018); *Larson v. FGX Int'l Inc.*, NO. 14-2277-JTM, 2015 WL 1034334, at *2-3 (D. Kan. Mar. 10, 2015).

[7] *See supra* Note 6.

[8] *McGowan*, 2018 WL 572052, at *3 (citing K.S.A. 44-1202(d)); *see also* K.S.A. 44-1203(c) (stating that the KMWMHL does not apply to employers and employees covered under the provisions of the FLSA)

[9] *Id.* (citing *Stockton v. Alltite, Inc.*, No. 15-1278-JTM, 2016 WL 3973778, at *2 (D. Kan. July 25, 2016) (dismissing plaintiff's KWPA claim based on unpaid overtime wages because the "state act does not apply to FLSA-covered employers"); *Larson*, 2015 WL 1034334, at *3 (Marten, J.) (holding that where plaintiff alleged that defendant was a FLSA employer, "her KWPA claims for FLSA minimum wage and overtime violations are not plausible because they are legally impossible"); *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1186 n.15 (D. Kan. 2011) (Lungstrum, J.) (explaining that employers "who are covered by the FLSA are expressly exempted from Kansas' overtime statute [the KMWMHL]," so "permitting plaintiffs to recover overtime wages from [defendant] under the KWPA is incompatible with the exemption provision of the KMWMHL and would undermine the integrity of Kansas' wage and hour statutory scheme as a whole."). See also *Wheaton v. Hinz JJ, LLC*, No. 14-2223-RDR, 2014 WL 5311310, at *1–2 (D. Kan. Oct. 16, 2014) (dismissing plaintiff's KWPA claim for minimum wage violations under Rule 12(b)(6) because Kansas law allows a plaintiff to pursue minimum wage violations under the KMWMHL alone and that act expressly exempts FLSA-covered employers like defendant; *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *4–5 (D. Kan. Dec. 16, 2011) (denying plaintiffs leave to amend their Complaint to assert a KWPA claim based on defendant's failure to pay minimum wages because such a claim was futile when the KMWMHL expressly exempts employers covered by the FLSA). *Cf. Brown v. Ford Storage & Moving Co.*, 224 P.3d 593, 599 (Kan. Ct. App. 2010)

defendants, plaintiffs have alleged that the FLSA applies to these entities. Therefore, plaintiffs cannot state a claim under the KWPA and KMWMHL, and Rule 23 certification of a class action must be denied.[10]

Even assuming *arguendo* that plaintiffs could state a claim for relief under Kansas state law, the parties' proposed settlement would raise jurisdictional issues. Federal district courts have an independent obligation to determine that subject-matter jurisdiction is proper at all stages of the proceedings.[11] This court has federal-question jurisdiction over the FLSA claim and supplemental jurisdiction over the state-law claims.[12] However, the proposed settlement "does not address any potential FLSA claims."[13] Yet, the proposed Rule 23 settlement involves the release of all wage-and-hour claims, presumably including the release of class members' FLSA claims.[14] The parties are essentially seeking to proceed on claims for which only supplemental jurisdiction exists while compromising the claim that is the basis for the court's original jurisdiction.

Additionally, plaintiffs' motion fails to satisfy any of the requirements of Fed. R. Civ. P. 23. Under Rule 23, the court exercises discretion whether to certify a class.[15] The court must perform a

---

(holding that an employer, who was subject to FLSA regulation, was not an employer under the KMWMHL and had no duty to pay overtime wages under the KMWMHL)).

[10] *See Blair*, --- F.R.D. ---, 2018 WL 1523101 (decertifying a Rule 23 KWPA class action because it failed to state a claim when the FLSA applied to the defendant employer).

[11] *Image Software Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

[12] Compl. at ¶ 10-11, ECF No. 1.

[13] Pls.' Unopposed Mot. for Conditional Certification of Settlement Class, Proposed Class Notice, and Preliminary Approval of the Proposed Class Settlement and Attorneys' Fees at 4, ECF 28.

[14] *Id.* at 8.

[15] *Shook v. El Paso County*, 386 F.3d 963, 967 (10th Cir. 2004).

"rigorous analysis" as to whether the proposed class satisfies the requirements of Rule 23.[16] The parties seeking class certification bear the burden to demonstrate that the requirements of Rule 23(a) and that the class falls under one of the categories described in Rule 23(b).[17] Rule 23(a) requires a moving party to satisfy the requirements of numerosity, commonality, typicality, and fair and adequate representation. Rule 23(b)(3) requires a showing that common questions of law or fact common to the class members predominate over any questions affecting only individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. The matters to be considered in determining whether Rule 23(b)(3) is satisfied include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.[18]

"The predominance requirement of Rule 23(b)(3) is 'far more demanding' than the Rule 23(a) commonality requirement.[19] It requires some consideration of whether the proposed class is "sufficiently cohesive to warrant adjudication by representation."[20]

---

[16] *Knight v. Mill-Tel, Inc.*, No. 11-1143-EFM, 2013 WL 3895341, at *2 (D. Kan. July 29, 2013) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982)).

[17] *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir.2006).

[18] Fed. R. Civ. P. 23(b)(3)(A)-(D).

[19] *In re Bank of Am. Wage and Hour Litig.*, 286 F.R.D. 572, 577 (D. Kan. 2012) (citing *Amchem Prods. v. Windsor*, 521 U.S. 591, 623-24 (1997)).

[20] *Amchem Prods.*, 521 U.S. at 623.

Plaintiffs' motion satisfies none of the above requirements. Instead, these matters are addressed in a single sentence: "The parties agree that Rule 23(b)(3) treatment is appropriate for the proposed Settlement Class because the putative class contains enough members to make joinder impracticable, questions of law or fact common to class members predominate over any questions affecting only individual members given Defendants' common overtime practices, and the class representatives are adequate representatives with claims and defenses that are typical for the entire class of employees."[21] Respectfully, the parties cannot stipulate to a Rule 23 class action, and plaintiffs still bear the burden of demonstrating that they are entitled to the relief sought.

The motion also seeks preliminary approval of a Rule 23 class action settlement while overlooking Fed. R. Civ. P. 23(g), which requires that a court certifying a Rule 23 class action must appoint class counsel. Essentially, plaintiffs are asking the court to preliminarily approve a settlement that counsel had no authority to negotiate because counsel has not been appointed to represent a Rule 23 class. Moreover, Rule 23(g) lists matters the court must consider in appointing counsel. Although some of this information can be extrapolated from the section of the motion seeking preliminary approval of attorney fees, the motion fails to specifically address any of Rule 23(g)'s requirements.

During the conference call with the parties on March 26, 2018, plaintiffs' counsel expressed a desire for efficiency so that the parties did not continue to incur attorney fees when both sides had reached a preliminary agreement resolving this matter. The parties' agreement, however, does not relieve plaintiffs of their obligation to file legally supported motions. The court has now spent a significant amount of time reviewing two lengthy and deficient motions, and this case has not

---

[21] Pls.' Unopposed Mot. for Conditional Certification of Settlement Class, Proposed Class Notice, and Preliminary Approval of the Proposed Class Settlement and Attorneys' Fees at 4, ECF 28.

progressed since January 16, 2018, when the parties informed the court that they had reached a preliminary settlement agreement. Therefore, by **August 20, 2018**, plaintiffs shall file a status report informing the court how they plan to prosecute this action, including proposed deadlines for any forthcoming motion related to FLSA conditional certification of a collective action. The parties are reminded that the FLSA requires class members to opt into the suit.[22]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion for Conditional Certification of Settlement Class, Proposed Class Notice, and Preliminary Approval of the Proposed Class Settlement and Attorney Fees (ECF No. 28) is denied.

**IT IS FURTHER ORDERED** that by **August 20, 2018**, plaintiffs shall file a status report informing the court how they plan to prosecute this action.

**IT IS SO ORDERED.**

Dated August 9, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[22] 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")