# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANATOLIO PENA OLIVERA and )
MARIA FERNANDA MARTINEZ )
*Individually and on behalf of all* )
*others similarly situated*, )
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　)
　　v. ) Case No. 17-2203-KGS
　　　　　　　　　　　　　　　　)
DOS REALES, INC. and )
ALVARO QUEZADA, )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## **ORDER**

This matter comes before the court upon Plaintiffs' Unopposed Motion for Final Class Certification and Settlement Approval (ECF No. 42). Plaintiffs have also submitted the proposed settlement for review *in camera*.

Plaintiffs have sued Dos Reales, Inc. and Alvaro Quezada to recover unpaid earned overtime wages and attorney fees under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*[1] The court conditionally certified this case as an FLSA collective action on October 11, 2018. The period for class members to opt into this suit closed on February 19, 2019. In addition to the two representative plaintiffs, two other individuals have opted in. Plaintiffs now move for final collective action certification and settlement approval.

---

[1] Plaintiffs also asserted stated law claims previously addressed in a prior order. *See* Mem. & Order, ECF No. 29.

## I. Final FLSA Collective Action Certification

Section 216(b) of the FLSA provides for an opt-in class action on behalf of employees who are "similarly situated" to the named plaintiffs."[2] The Tenth Circuit has set forth a two-step approach to determining whether plaintiffs are "similarly situated" within the meaning of § 216(b).[3] Under this approach, the court makes an initial determination of whether plaintiffs are similarly situated for the purpose of sending notice to potential class members.[4] Conditional certification at the "notice stage" requires "'nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan.'"[5] "In determining whether plaintiffs are victims of a single policy, the court may consider the substantial allegations of the complaint along with any supporting affidavits or declarations."[6] At the notice stage, however, "the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiff's claims."[7] The standard at the notice stage is lenient and typically results in conditional certification.[8]

---

[2] 29 U.S.C. § 216(b).

[3] *See Thiessen v. Gen. Elec. Capital Corp.*, No. 267 F.3d 1095, 1105 (10th Cir. 20001).

[4] *See id.* at 1102.

[5] *Id.* at1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[6] *Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1263 (D. Kan. 2015) (quoting *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB, 2014 WL 2885363, at *3 (D. Kan. June 25, 2014)).

[7] *Id.* (quoting *Folger*, 2014 WL 2885363, at *3).

[8] *Thiessen*, 267 F.3d at 1103; *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citing *Gieseke v. First Horizon Home Loan Corp.*, 408 F.Supp.2d 1164, 1166 (D. Kan. 2006)).

At the second stage, the court will apply a stricter standard to determine whether plaintiffs are similarly situated.[9] At this stage, the court evaluates a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."[10] These factors show that plaintiffs are similarly situated and that final collective action certification is warranted.

First, the factual and employment settings of the individual plaintiffs are substantially similar. All plaintiffs worked as servers at one of defendants' two restaurant locations in Kansas. Their work duties and wages were identical. They were also subject to the same alleged error in defendants' central payroll system that failed to accurately compute overtime wages.

Second, the defenses available to defendants also appear to be common to all plaintiffs. Plaintiffs have asserted a uniform pattern of conduct that allegedly violated the FLSA through payroll miscalculations. Plaintiffs state that defendants' answer does not assert any defenses that would apply exclusively or differently to the named plaintiffs or other members of the putative class.

Third, fairness and procedural considerations also support final certification. Although there are only two representative plaintiffs and two opt-in plaintiffs, judicial economy is better served through a collective action versus having each plaintiff bring his or her own case. Because all three factors favor final collective action certification, the court grants plaintiffs' unopposed request to finally certify the FLSA class.

## II.   Settlement Approval

---

[9] *Thiessen*, 267 F. 3d at 1102-03.

[10] *Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 1789100, at *4 (citing *Thiessen*, 267 F.R.D. at 1103).

When parties settle FLSA claims, the court must review the settlement to determine whether it is fair and reasonable.[11] To approve a FLSA settlement, the court must determine whether (1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees."[12]

### A. Bona Fide Dispute

In determining whether a bona fide dispute exists, the court considers: "(1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage."[13]

This case involves a bona fide dispute about whether plaintiffs' employer paid earned overtime wages in compliance with the FLSA. The motion states that after informal discovery, the parties agreed that overtime errors existed, and they were able to compute wages owed based on defendant's records.

---

[11] *Tommey v. Computer Sciences Corp.*, No. 11-2214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015).

[12] *Smith v. R.F. Fisher Elec. Co., LLC*, No. 17-2457-DDC-KGG, 2018 WL 2568271, at *3 (D. Kan. June 4, 2018) (citing *McCaffrey v. Mortg.*, No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011)).

[13] *McCaffrey*, 2011 WL 32436, at *4.

### B. Fair & Equitable

To determine whether a proposed settlement is fair and equitable, the court considers the factors specified in Fed. R. Civ. P. 23(e), which are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." [14]

First, the settlement appears to be fairly and honestly negotiated. The parties exchanged early informal discovery that allowed them to identify employees potentially impacted by the policy. After that, they appear to have engaged in arms-length settlement negotiations using the information obtained during informal discovery as the basis for the final agreement. Second, serious questions of law and fact exist. Defendants disputed the extent of damages for the overtime claims, and they disputed the viability of the tip-credit claims. Third, the value of immediate recovery outweighs the value of prospective relief. The settlement provides that plaintiffs will receive 1.5 times their overtime wages due without any additional delay or disruption while keeping attorney fees lower than they would be if plaintiffs litigated this case to trial. Fourth, the parties also agree that the settlement is fair and reasonable.

### C. Attorney Fees

Plaintiffs' counsel requests attorney fees in the amount of $18,333.333. The FLSA requires that a settlement agreement include an award of "a reasonable attorney's fee . . . and

---

[14] *Smith*, 2018 WL 2568271, at *4 (citing Fed. R. Civ. P. 23(e) and *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *4 (D. Kan. Oct. 29, 2012)).

costs of this action."[15] The fee award is mandatory, but the court has description to determine the amount and the reasonableness of the fee.[16] Courts have applied one of two methods to determine reasonable attorney fees: (1) the percentage-of-the-fund method or (2) the lodestar method.[17] The Tenth Circuit applies a hybrid approach, which combines the percentage-of-the-fund method with the specific factors traditionally used to calculate the lodestar.[18] The court also considers the factors listed in *Johnson v. Georgia Highway Express, Inc.*[19] Those factors include:

> (1) time and labor required, (2) novelty and difficulty of the questions presented in the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases.[20]

First, plaintiffs state that counsel spent more than 100 hours litigating this case as of May 1, 2017. This included the period of informal discovery, interviewing fact witnesses in both English and Spanish, confirming damage calculations, and engaging in settlement discussions. Since that time, plaintiffs have engaged in additional briefing and teleconferences before the court. Second, the novelty or difficulty of questions presented in this case were not overly

---

[15] *See* 29 U.S.C. § 216(b); *Gambrell*, 2012 WL 5306273, at *3.

[16] *Smith*, 2018 WL 2568271, at *5.

[17] *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *7 (D. Kan. Aug. 18, 2015) (citing *See Rosenbaum v. MacAllister,* 64 F.3d 1439, 1445 (10th Cir. 1995)).

[18] *Id.* (citing cases).

[19] *Id.* (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

[20] *Id.*

6

complex. In a relatively short time period, the parties were able to identify the source of errors in the overtime calculation and conclude that it was the overtime calculation that had impacted the tip calculation. Third, the skill requisite to perform the legal service properly required knowledge of FLSA collective action procedures and, in this case, the ability to communicate with Spanish-speaking employees. Fourth, plaintiffs state that their work on this case necessarily resulted in the preclusion of other employment opportunities because of the amount of time devoted to this matter. Fifth, plaintiffs' counsel had spent more than 100 hours working on this case as of May 16, 2018, which would amount to an hourly fee of $183.33, less than a customary hourly rate in labor and employment cases. Sixth, the fee is contingent, which is generally calculated at a higher rate. Seventh, the case did not involve significant time limitations imposed by the client or by the circumstances. Eighth, the amount involved is relatively low considering the two representative plaintiffs and two opt-in plaintiffs; however, the results obtained represent 1.5 times the amount of overtime wages due. Ninth, plaintiffs' attorneys have significant experience in employment law and have worked closely with the class representatives and other employees during this lawsuit. Tenth, this case has been undesirable because it was taken on a contingent-fee basis, and plaintiffs' counsel has struggled to locate defendants' former employees. Eleventh, plaintiffs' counsel has worked closely with class representatives and other employees for more than a year. Plaintiffs have failed to present information about awards in similar cases. Finally, although they cite instances in which courts have approved fees representing a third of the common fund, in all practical terms, the requested fees in this case far exceed a third of the amount of fees plus the amounts recovered by plaintiffs. However, the court has considered the small number of opt-in plaintiffs, the hours spent litigating this case, and the low damages award

per plaintiff in determining that the award for attorney fees is reasonable under the circumstances.

For these reasons, the court grants plaintiffs' motion for final certification of a FLSA collective action and settlement approval. Within three (3) business days from the date of this order, the parties shall file a stipulation of dismissal.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion for Final Class Certification and Settlement Approval (ECF No. 42) is granted.

**IT IS FURTHER ORDERED** that as stated in the settlement agreement, which the court has now approved, within three (3) business days from the date of this order, the parties shall file a joint stipulation of dismissal.

**IT IS SO ORDERED.**

Dated March 13, 2019, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
